IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION


BRETT WILLIAM SEATON,

        Petitioner,

   v.

MARK NOOTH,

        Respondent.

Case No. 2:14-cv-00183-ST

FINDINGS AND RECOMMENDATION

    Michelle M. Sweet, Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Ellen F. Rosenblum, Attorney General
    Kristen E. Boyd, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

STEWART, Magistrate Judge.

    Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his guilty plea entered in state court and resulting 300-month sentence. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (docket #21) should be denied.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

On November 27, 2008, petitioner sexually assaulted a seven-year-old girl. Shortly thereafter, petitioner provided a confession to the police that resulted in his indictment on charges of Rape in the First Degree, Sexual Abuse in the First Degree, and Sodomy in the First Degree. Respondent's Exhibit 102.

On February 16, 2009, petitioner agreed to enter into a plea agreement whereby he pleaded guilty to the Rape and Sexual Abuse charges and the State agreed to dismiss the Sodomy charge. Respondent's Exhibit 103. Under "Jessica's Law," ORS 137.700, a conviction for either Rape or Sodomy of a child under the age of 12 carried a mandatory 300-month sentence, with a lifetime of post-prison supervision. The prosecutor recommended that the court impose a 300-month mandatory minimum sentence on the Rape charge and a concurrent 75-month term on the Sexual Abuse charge. Respondent's Exhibit 104, pp. 7-8.

Petitioner's trial counsel argued that imposition of a 300-month sentence would be cruel and unusual because his client had no criminal history and would enjoy a presumptive sentence of 58-60 months under the Oregon Sentencing Guidelines. *Id* at 9. The trial court rejected this argument, noting that the potential problems he caused his victim were "just horrendous." *Id* at 12. The court "d[id]n't find that the sentence is disproportionate in any way" and told petitioner he could take his issues up with the Court of Appeals. *Id* at 12. The court then proceeded to sentence petitioner to 300 months in prison with a lifetime of

2 - FINDINGS AND RECOMMENDATION

post-prison supervision, explaining that he wished to keep confined "for as long as possible." *Id* at 12-13.

Petitioner filed a direct appeal arguing that his 300-month mandatory minimum sentence on the Rape conviction combined with a lifetime of post-prison supervision violated the Oregon Constitution and the Eighth Amendment of the U.S. Constitution. Respondent's Exhibit 105. The Oregon Court of Appeals affirmed the trial court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Seaton*, 237 Or. App. 275, 240 P.3d 1141, *rev. denied,* 349 Or. 245, 245 P.3d 130 (2010).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County raising a variety of claims in his 41-page Formal PCR Petition. Respondent's Exhibit 111. The State moved for a judgment on the pleadings, arguing that petitioner failed to submit any supporting documentation as required under Oregon law and did not state any valid PCR claims for pleading purposes. Respondent's Exhibit 114.

Approximately one month later, petitioner notified the PCR trial court that his appointed attorney had not adequately communicated with him and had not included petitioner's issues in the Formal PCR Petition. Respondent's Exhibit 115. Petitioner requested leave of the PCR trial court to amend the Formal PCR Petition. *Id*.

Petitioner's PCR counsel conceded that the State's Motion for Judgment on the Pleadings was well-taken, and asked the court to allow petitioner the opportunity to amend the Formal PCR

3 - FINDINGS AND RECOMMENDATION

Petition. Respondent's Exhibit 116. It appears that he included a copy of petitioner's Amended Formal PCR Petition with his Response to the State's Motion for Judgement on the Pleadings, but the proposed Amended Formal PCR Petition is not part of the record before this court. *Id.*

During the PCR hearing, petitioner's PCR counsel attempted to include a new issue: whether the 300-month sentence was unconstitutional. Respondent's Exhibit 117, p. 3. The PCR trial court determined that such an argument was "not going to go anywhere." *Id* at 4. It granted the State's Motion for Judgment on the Pleadings, finding that it was "sound and well taken under ORS 138.580, for all of the reasons cited in defendant's points and authorities. . . ." Respondent's Exhibit 118. It also "den[ied] the motion to amend because it's not based on anything meritorious." Respondent's Exhibit 117, p. 4.

It later came to the PCR trial court's attention that petitioner was unable to hear the proceedings when his case was dismissed because he "appeared by video, but the sound was not working or turned on in the SRCI video room." Respondent's Exhibit 119. As a result, the PCR trial court vacated its order of dismissal and held a new hearing where petitioner asked for a 60-day extension in which to amend his Formal PCR Petition. Respondent's Exhibit 117, p. 9. His attorney framed the issue to be presented this way:

> Um, my client's position is that he . . . should
> have been sentenced to the Oregon sentence
> guideline instead of the 300 month prison sentence
> with lifetime post-prison supervision for the Rape

4 - FINDINGS AND RECOMMENDATION

>    1 conviction; and then also for the concurrent 75
>    month prison sentence for the Sex Abuse I.

*Id* at 12.

After PCR counsel stated that he had no further arguments, the PCR trial court determined that "a leave to amend would not lead to a meritorious case." *Id.* It, therefore, once again dismissed petitioner's case. The Oregon Court of Appeals affirmed that decision without opinion, and the Oregon Supreme Court denied review. *Seaton v. Nooth*, 257 Or. App. 763, 306 P.3d 798, *rev. denied*, 354 Or. 386, 314 P.3d 964 (2013).

## GROUNDS FOR RELIEF

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on February 3, 2014. The Amended Petition for Writ of Habeas Corpus alleges the following claims:

> **Ground One**
> Petitioner's conviction is illegal and contrary to the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States because Petitioner entered an unknowing and involuntary plea in violation of his right to due process and the effective assistance of counsel.
>
> Mr. Seaton was denied the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when his trial attorney failed to:
>
> (A) Investigate the credibility of the statements made by the alleged victim;
>
> (B) Investigate the previous allegations made by the alleged victim against her father;
>
> (C) Investigate impeachment evidence;
>
> (D) Investigate the nature, surrounding circumstances, and evidence of the confession;

5 - FINDINGS AND RECOMMENDATION

(E) Interview witnesses;

(F) File appropriate motions, including but not limited to: motion to compel forensic medical examination of alleged victim; motion to have alleged victim interviewed by a forensic psychologist; motion to exclude confession; and motion for funds to hire an investigator;

(G) Research and be aware of the law in terms of sentencing in Mr. Seaton's case;

(H) Accurately advise Mr. Seaton about the potential sentences he could receive if he went to trial;

(I) Provide relevant information in regards to the plea offer;

**Ground Two**
Petitioner's conviction is illegal and contrary to the Fifth And Fourteenth Amendments to the Constitution of the United States, because the state unlawfully withheld, in violation of the constitutional principles articulated in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny:

(A) Exculpatory impeachment evidence regarding a previous allegation of abuse by the victim against another perpetrator.

Due to the failure to disclose this exculpatory evidence, Petitioner's plea was entered unknowingly and involuntarily.

**Ground Three**
The 300-month mandatory minimum sentence and the imposition of lifetime supervision that Mr. Seaton received violates the proportionality requirement and the right to be free from cruel and unusual punishment of the Eight Amendment of the United States when applied to first-time offenders.

**Ground Four**
Mr. Seaton was denied the effective assistance of counsel under the Fourteenth Amendment to the United States Constitution when his appellate attorney failed to:

6 - FINDINGS AND RECOMMENDATION

>(A) Recognize and raise the claim that the sentencing court erred when it sentenced Mr. Seaton to 300 months for Count 1 and 75 months for Count 2, without affording Mr. Seaton his Sixth Amendment right to require a jury find the Enhancement Facts Justifying the Increase Beyond The Statutory Maximum Presumptive Sentences of 60 months for Count 1 and 18 months for Count 2.
>
>(B) Recognize and raise the claim that the sentencing court erred when it imposed lifetime supervision on Mr. Seaton because he was not found to be a sexually violent dangerous offender under ORS 137.765.
>
>(C) Recognize and raise the claim that the sentencing court erred when it imposed a 300 month and 75 month sentence beyond the statutory maximum presumptive sentence, without finding enhancement facts, in aggravation.

Amended Petition (docket #21), pp. 5-7.

Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner failed to fairly present his claims in Grounds One, Two, and Four to the state courts, leaving them procedurally defaulted; (2) petitioner argues only Grounds One(G), One(H), One(I), and Three, and does not support the remainder of his claims with argument; (3) petitioner cannot excuse his default as to Grounds One(G), One(H), and One(I); (4) the state court decision denying relief on Ground Three was neither contrary to, nor an unreasonable application of, clearly established federal law; and (5) all of claims lack merit.

## FINDINGS

### I. Unargued Claims

As previously noted, petitioner raises a number of claims in his Amended Petition. In his supporting memorandum, however, petitioner presents argument only on Grounds One(G), One(H),

7 - FINDINGS AND RECOMMENDATION

One(I), and Three. He neither argues the merits of his remaining claims nor addresses any of respondent's arguments as to why relief on these claims should be denied. As such, petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). Even if petitioner had briefed the merits of these claims, the court has examined them based upon the existing record and determined that they do not entitle him to relief.

## II.  Exhaustion and Procedural Default

In support of Grounds One(G), One(H), and One(I), petitioner argues that his trial counsel was constitutionally ineffective because he did not understand the applicable case law pertaining to the sentence petitioner faced. Specifically, petitioner alleges that counsel informed him that if he pleaded guilty, he would receive a 300-month sentence which he could appeal because it was a cruel and unusual sentence for a first-time offender. According to petitioner, counsel further advised him that if he prevailed on his appeal, his sentence would be reduced to 60 months in line with Oregon's sentencing guidelines, but if he went to trial he faced the possibility of a 675-month sentence. He concludes that counsel's advice was not sound since he faced little possibility of a 675-month sentence for criminal conduct based on a single occurrence involving a single victim and his likelihood of success on appeal was quite remote.

The parties agree that petitioner failed to fairly present Grounds One(G), One(H), and One(I) to the Oregon state courts,

8 - FINDINGS AND RECOMMENDATION

leaving them procedurally defaulted. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982) (requiring exhaustion in order to preserve claims for federal habeas review). They disagree, however, as to exactly at what stage petitioner failed to present his claims to the state courts. Petitioner believes PCR trial counsel failed to present them to the PCR trial court, whereas respondent asserts that PCR trial counsel presented the claims, but petitioner failed to do so in his *Balfour* brief to the Oregon Court of Appeals during PCR.[1] This distinction is important because petitioner attempts to excuse his default based on his PCR trial counsel's failure to raise the claims. If PCR trial counsel presented the claims, and petitioner failed to do so in the *pro se* Section B of his Appellant's Brief, then he has no excuse for the default.

To support its assertion that petitioner presented these claims to the PCR trial court, the State points to generic language toward the end of the Formal PCR Petition stating: "Ineffective assistance of counsel may render a guilty plea involuntary and hence invalid. . . ." Respondent's Exhibit 111, p. 28. This language did not alert the PCR trial court to the claims petitioner now raises, and a review of the Formal PCR

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, counsel may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991). The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 452.

9 - FINDINGS AND RECOMMENDATION

Petition shows that PCR trial counsel did not make the argument petitioner makes in support of Grounds One(G), One(H), and One(I). As a result, petitioner defaulted these claims when his PCR trial counsel did not raise them in the Formal PCR Petition.

Traditionally, the performance of PCR counsel could not be used to establish cause and prejudice to excuse a procedural default. *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) (only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). However, in *Martinez v. Ryan*, 566 U.S. ----, 132 S. Ct. 1309 (2012), the Supreme Court found "it . . . necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." *Id* at 1315. It concluded that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.*

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of trial counsel if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id* at 1320.

Claims of ineffective assistance of counsel in Oregon must be raised in a PCR action. Thus, the issue becomes whether the

10 - FINDINGS AND RECOMMENDATION

claims in petitioner's Grounds One(G), One(H), and One(I) were sufficiently meritorious to be "substantial" under *Martinez* such that PCR trial counsel should have raised them. To make such a showing, petitioner must first demonstrate that his trial counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Petitioner must also show that his counsel's performance prejudiced his defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty to an offense must demonstrate a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In his Declaration filed in support of this habeas case, petitioner states:

> 3. [Counsel] told me that if we went to trial instead of taking the plea deal, the State would try to get all three counts and have them run consecutively for a total of 675 months in prison. [Counsel] also explained that as to the offered plea agreement, with the 300 months and the 75 months running concurrently, I could appeal the Rape I

11 - FINDINGS AND RECOMMENDATION

>                    conviction because a sentence of 300 months
>                    was an Eighth Amendment violation for a
>                    first-time offender. He told me that I could
>                    file an appeal that 300 months was cruel and
>                    unusual punishment under the Eighth
>                    Amendment.

Declaration of Brett William Seaton (docket #35), p. 2.

According to petitioner, counsel also advised him that accepting the plea offer and taking an appeal was his best chance at a reduced sentence and, if he prevailed on his appeal, the 300-month sentence could be converted a guidelines sentence. *Id* at 2-3. The court has no responsive declaration from counsel, who is now deceased. Seaton Declaration (docket #35), p. 1.

Petitioner acknowledges that he avoided at least some risk by accepting the plea offer. In fact, had petitioner proceeded to trial, he faced the risk of a lengthier sentence since: (1) he had confessed his crimes to the police and had no viable defense; (2) there was no chance he would have fared any better than a 300-month sentence; (3) the State sought to stack the sentences on all three counts consecutively for a total prison term of 675 months; and (4) the criminal conduct at issue was so severe that the trial judge ultimately stated that he wished to remove petitioner from society "for as long as possible." Respondent's Exhibit 104, p. 12.

For these reasons, trial counsel's recommendation to accept the plea offer and attempt to challenge the legality of the sentence on appeal was not unreasonable. This is true even where, given the state of the law, the appeal was not likely to

be successful.[2]  As such, trial counsel's performance did not fall below an objective standard of reasonableness, and petitioner was not prejudiced where no reasonable defendant would have insisted on foregoing the plea offer and proceeding to a trial under the circumstances of petitioner's case.  Because petitioner's claims are not substantial, he is unable to excuse his procedural default of Grounds One(G), One(H), and One(I).

### III. Ground Three: Unconstitutional Sentence

#### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's]

---

[2] *See, e.g., Harmelin v. Michigan,* 501 U.S. 957 (1991) (upholding true life sentence for first time-offender of drug crime); *Lockyer v. Andrade*, 538 U.S. 63 (2003) (upholding two life sentences with 25-year minimums for the theft of $150 worth of video recordings).

13 - FINDINGS AND RECOMMENDATION

cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

B. **Analysis**

As his remaining claim, petitioner asserts that his 300-month sentence for Rape in the First Degree, combined with lifetime post-prison supervision, is unconstitutionally cruel and unusual as imposed against a first-time offender. The trial court rejected this claim, finding that the sentence was not disproportionate in any way and was not shocking to the conscience. Respondent's Exhibit 104, p. 12. The court felt that the nature of petitioner's offenses was so severe that he "should be kept off the streets for as long as possible." *Id*.

A sentence that is grossly disproportionate to the crime will violate the Eighth Amendment. *Lockyer v. Andrade*, 583 U.S. 63, 71 (2003). When evaluating a sentence involving a discrete "term of years," courts look at "all of the circumstances of the

14 - FINDINGS AND RECOMMENDATION

case to determine whether the sentence is unconstitutionally excessive." *Graham v. Florida*, 560 U.S. 48, 59 (2010). The Constitution "does not require strict proportionality between the crime and sentence but rather forbids only extreme sentences that are grossly disproportionate to the crime." *Id* at 56. "[T]he precise contours of this principle are unclear, and it has been applied only in exceedingly rare and extreme cases." *Crosby v. Schwartz*, 678 F.3d 784, 791 (9th Cir. 2012).

Given the very serious nature of petitioner's criminal conduct, he cannot establish that his 300-month sentence was grossly disproportionate to his crime. Indeed, as petitioner himself acknowledges in his brief, there was no realistic possibility that a 25-year sentence would be invalidated under the Oregon constitution and, in light of the United States Supreme Court's Eighth Amendment jurisprudence, there was no chance that a federal court would invalidate a 25-year mandatory minimum even for a first-offender's conviction for rape.[3] Therefore, he is unable to show that the trial court's rejection of his Ground Three claim was contrary to, or an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #21) should be denied and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability

---

[3] See footnote 2.

on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 19, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 30th day of September, 2015.

                                            s/ Janice M. Stewart
                                            Janice M. Stewart
                                            United States Magistrate Judge